REGAN, Judge.
The plaintiff, Harry P. Champagne, engaged in business under the trade name of H. P. C. Appliance Store, filed this suit against the defendant, Rosemond St. Pierre, endeavoring to recover the sum of $3,191.20, representing the retail value of certain appliances and fixtures delivered to his home and the cost of labor which he asserts he supplied to the defendant in connection with the installation thereof.
The defendant answered and simply denied that the plaintiff had delivered any appliances or fixtures to him to be used in his residence nor did he furnish any labor in connection with the installation thereof.
After a trial on the merits, the lower court rendered judgment in favor of the defendant, and dismissed the plaintiff’s suit. From this judgment, the plaintiff has prosecuted this appeal.
The record reveals that the defendant contacted the plaintiff relative to certain repairs which the defendant was contemplating having performed upon his home, which was located in Grand Isle, Louisiana. He claims that as a result of a mutual oral agreement he supplied and installed various appliances and other items which were used in the defendant’s home. In addition thereto, the plaintiff endeavored to make some plumbing installations and to dig a cesspool for the defendant.
The record is clear that the plumbing installations and the work performed on the cesspool by the plaintiff were completely defective and therefore failed to pass a plumbing inspection. However, beyond this point, the evidence adduced herein is dichotomous in nature. On the one hand, the plaintiff insists that the fixtures and other materials supplied were delivered to the defendant’s home some time before December 25, 1955. This vague testimony was supported to some slight extent, by two of the men acting in the capacity of helpers to the plaintiff, both of whom laboriously related that the items were delivered.
On the other hand, the plaintiff was unable to furnish any document, business record, or invoice which would even tend to establish the dates upon which the items were either sold or delivered. In this connection, we feel compelled to point out that the trial judge, apparently in order to afford the plaintiff the benefit of every doubt and an unimpeded opportunity tO' prove his case with that legal certainty which the law requires, most liberally relaxed the rules of evidence; therefore, much of the testimony, in so far as the plaintiff’s aspect of the case is concerned, was predicated on hearsay, unjustified inferences and presumptions of fact.
In contradiction of the foregoing testimony, the defendant’s wife, daughter, and; son, each appeared and very honestly denied that the defendant delivered any appliances or fixtures to their residence and then very specifically explained that similar appliances and fixtures were actually obtained from other sources.
The foregoing brief illucidation reveals, that only questions of fact were posed for the trial court’s consideration. The judge thereof, in reasoning that the plaintiff had failed to prove his case, obviously accepted' the defendant’s version of what had transpired between the litigants, and therefore-concluded that the plaintiff had not delivered any appliances or fixtures to the-defendant’s residence nor did he furnish the labor for the installation thereof.
*350 The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the facts. The trial judge accepted the defendant’s account thereof and our analysis of the record convinces us that the evidence preponderates in his favor, and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.